UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRANDON CANNON,<br><br>Plaintiff,<br><br>v.<br><br>PROTECTIVE SERVICE OFFICERS UNITED,<br><br>Defendant. | Civil Action No. 25-1676 (ABJ) |

**MEMORANDUM OPINION**

Plaintiff Brandon Cannon worked as a security officer for a federal contractor, Allied Universal, and he was a member of a union, Protective Service Officers United ("PSO United"). According to the complaint, Cannon was placed on administrative leave by his employer pending an investigation. Although he alleges that he was cleared to return to work after the investigation concluded, Allied Universal refused to reinstate him. Cannon asserts that his union fell short of its obligations to represent him, and he brought this action alleging breach of the duty of fair representation, negligence, and the infliction of emotional distress, among others. For the reasons set forth below and after review of the entire record, the Court will **DENY** plaintiff's motion to remand the case to Superior Court and **GRANT** defendant's motion to dismiss without prejudice.

**BACKGROUND**

Pro se plaintiff Cannon alleges that he was "a Protective Security Officer (PSO) . . . assigned to FEMA ["Federal Emergency Management Agency"] Headquarters" and "was an active and contributing member of" defendant's union. Compl. [Dkt. # 1-1] ¶¶ 1, 4. On an unspecified date, plaintiff was "placed on administrative hold due to an FPS ["Federal

Protective Service"] investigation . . . ." Compl. ¶ 5. Throughout the investigation, "[p]laintiff maintained status on the contract and later received clearance to return" to his role. Compl. ¶ 5. Plaintiff alleges, however, that his employer, Allied Universal, refused to reinstate him, and that the defendant union "failed to intervene, advocate, or initiate grievance procedures." Compl. ¶ 6. Plaintiff further alleges that he "repeatedly contacted union representatives, provided documentation, and requested formal assistance" regarding "reinstatement, preservation of seniority, and a defense against wrongful exclusion," but defendant "failed to act in a timely, good-faith, or competent manner, thereby breaching its duty of fair representation." Compl. ¶¶ 7–8.

On April 25, 2025, plaintiff filed this case in the Superior Court of the District of Columbia. Compl. at 1. The complaint consists of three counts: Count One alleges breach of the duty of fair representation ("DFR"), Compl ¶¶ 10–11; Count Two alleges negligence, Compl. ¶¶ 12–13; and Count Three alleges the infliction of emotional distress, Compl. ¶ 14.[1]

Defendant removed the case to this Court on May 27, 2025. Corrected Notice of Removal [Dkt. # 4-1] ("Corrected Notice") at 1.

On May 30, 2025 Cannon moved to remand the case and sought attorney's fees., *see* Mot. to Remand to State Court, Mot. for Att'y Fees [Dkt. # 7] ("Remand Mot."), and on June 3, defendant moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)

---

1 Plaintiff also filed an action against his employer, Allied Universal, in Superior Court on the same day. Compl. at 1. That case was removed to the United States District Court for the District of Columbia on May 27, 2025, Notice of Removal [Dkt. # 1], and assigned to Judge Friedrich. *See Cannon v. Allied Universal Sec. Servs.*, No. 25-1794 (D.D.C. July 28, 2025). That case was then assigned to and is now before this Court, pursuant to Local Rule 40.5. LCvR 40.5(a)(3) ("[A] case filed by a pro se litigant with a prior case pending shall be deemed related and assigned to the judge having the earliest case.").

for failure to state a claim upon which relief can be granted. Def.'s Mot. to Dismiss [Dkt. # 8] ("Dismissal Mot."). Both motions are fully briefed, and each party opposed the other's motion. *See* Pl.'s Opp. to Def.'s Mot. to Dismiss [Dkt. # 11] ("Pl.'s Opp."); Def.'s Reply in Supp. of Mot. to Dismiss [Dkt. # 13] ("Dismissal Reply"); Pl.'s Suppl. Mem. [Dkt. # 14] ("Pl.'s Suppl."); Pl.'s Opp. to Def.'s Mot. for Summ. J. [Dkt. # 15] ("Pl.'s Second Suppl.")[2]; Pl.'s Suppl. Decl. [Dkt. # 17] ("Pl.'s Decl."); Def's Opp. to Remand Mot. [Dkt. # 16] ("Remand Opp."). Throughout his submissions, plaintiff intersperses arguments supporting his motion to remand and opposing defendant's motion to dismiss.

In his supplemental memoranda, Cannon also appears to raise new claims, including retaliation and discrimination. Pl.'s Suppl. at 1–2 ("Here, Plaintiff's core allegations – including discrimination, retaliation, failure to initiate grievance procedures in good faith, and collusion with the employer – implicate the Union's independent duty under federal law, not contractual obligations."); Pl.'s Decl. at 1 (stating that since filing his lawsuit, his employer, Allied Universal, has attempted to forcibly remove him from his post and reassign him to a lower-paying location). Plaintiff further requests leave to amend his complaint pursuant Federal Rule of Civil Procedure 15(a) "[t]o the extent that clarification is needed." Pl.'s Suppl. at 1.

On June 17, 2025, the Court entered a Minute Order directing plaintiff that "[n]o other pleadings may be filed until after the Court rules on the motion to dismiss and issues further instructions," except "[a]ny reply to the opposition to the motion for remand." Min. Order (June

2 Cannon filed a "Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment" even though no such motion is before the Court. Because plaintiff is pro se, the Court will consider plaintiff's arguments made in this memorandum in reference to the motion to dismiss and the applicable standard of review.

17, 2025). Despite that directive, plaintiff filed a motion for default judgment on July 17, 2025. Pl.'s Mot. for Default J. [Dkt. # 18]. The Court denied plaintiff's motion through a Minute Order that same day, explaining that it "both contravenes the Court's clear instruction and is facially deficient" in that defendant, which filed a responsive pleading, is not in default.[3]

**STANDARD OF REVIEW**

Subject Matter Jurisdiction

A defendant may remove a civil action from a state court to a federal district court when the district court has original jurisdiction. 28 U.S.C. § 1441(a); *see Julien v. CCA of Tenn., Inc.*, 268 F. Supp. 2d 19, 21 (D.D.C. 2003). A federal district court has original jurisdiction over claims that arise under federal law and therefore raise a federal question. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Because federal courts are courts of limited jurisdiction," they must strictly "strictly construe[]" the removal statute. *Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the W.*, 366 F. Supp. 2d 33, 36 (D.D.C. 2005), quoting *Kopff v. World Rsch. Grp., LLC*, 298 F. Supp. 2d 50, 54 (D.D.C. 2003). Any doubts as to whether federal jurisdiction exists must be resolved in favor of remand. *Id.*

---

3 *See* Min. Order (July 23, 2025) ("Not only has plaintiff failed to obtain a certificate of default from the Clerk of Court prior to filing the motion, as is required by Federal Rule of Civil Procedure 55(a), that certificate cannot be issued because defendant has appeared and is actively defending this action in a motion to dismiss.").

Failure to State a Claim

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678–79, citing *Twombly*, 550 U.S. at 555–56.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, citing *Twombly*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, quoting *Twombly*, 550 U.S. at 556. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Twombly*, 550 U.S. at 555.

The pleadings of pro se parties are "to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (emphasis omitted), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even though a pro se complaint must be liberally construed, the complaint must nonetheless "present a claim on which the court can grant relief." *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002), citing *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981). In ruling upon a motion to dismiss for failure to state a

claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

## ANALYSIS

### I. Plaintiff's Motion to Remand Will Be Denied.

In his motion for remand, plaintiff argues that this Court lacks subject matter jurisdiction because defendant "failed to establish a valid federal question." Remand Mot. ¶ 3. He also contends that defendant's "multiple filing deficiencies" justify remand, *id.* ¶ 4., and that the Court should "[o]rder the [d]efendant to pay just costs and any actual expenses, including attorney's fees, incurred as a result of the removal . . . ." *Id.* at 2. None of these arguments has merit.

Count One alleges that defendant breached its duty of fair representation. As the Supreme Court has explained, a "suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act" ("NLRA"). *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983), citing *Vaca v. Sipes*, 386 U.S. 171, 177 (1967) ("The statutory duty of fair representation was developed over 20 years ago in a series of cases involving alleged racial discrimination by unions certified as exclusive bargaining representatives under the Railway Labor Act and was soon extended to unions certified under the N.L.R.A . . . .") (internal citations omitted). Accordingly, claims alleging a breach of the duty of fair representation arise under federal law.

Plaintiff's own allegations confirm that his first claim is grounded in federal law. He alleges that "[d]efendant owed [p]laintiff a fiduciary duty to represent him fairly, diligently, and without discrimination under *federal* labor law," Compl. ¶ 10 (emphasis added); that defendant's

"duty exists under the duty of fair representation (DFR) doctrine, which is rooted in *federal* common law," Pl.'s Suppl. at 2 (emphasis added); and that "[p]laintiff's claim is that the [u]nion acted arbitrarily and with animus, thereby violating its *federal* obligations . . . ." *Id.* Because Count One arises under federal law, this Court has federal question jurisdiction.[4]

Plaintiff's remaining arguments in support of remand are similarly unavailing. As defendant correctly observes, plaintiff's objections to the initial notice of removal – including the omission of a civil cover sheet, the names and addresses of the parties, and a signature – were cured and, in any event, do not provide a basis for remand. Remand Opp. at 1; *see also* Corrected Notice at 1–2; Civil Cover Sheet [Dkt. # 2]. Plaintiff's request for attorney's fees will also be denied. Because removal was proper, an award of fees is unwarranted. Moreover, plaintiff is proceeding pro se and is therefore not entitled to recover attorney's fees. *Kay v. Ehrler*, 499 U.S. 432, 438 (1991) (holding a pro se litigant who is not a lawyer is not entitled to attorney's fees).

Given that Count One arises under federal law, the Court has subject matter jurisdiction over this action. Plaintiff's motion to remand is therefore **DENIED**.

## II. Plaintiff's Breach of Duty of Fair Representation Claim Will Be Dismissed.

If "the union representing the employee in [a] grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation," then the "employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding." *DelCostello*, 462 U.S. at 164. The claim against the employer arises under section 301 of the Labor

4 In a section of the complaint titled "Legal Clarification on Employer Liability in Unionized Environments," plaintiff mentions at least six independent federal sources for his cause of action. Compl. at 14.

Management Relations Act ("LMRA").[5] *Id.* Plaintiff has filed such a suit against his employer, which has also been removed to this Court. *See Cannon v. Allied Universal Sec. Servs.*, No. 25-01794 (D.D.C. July 28, 2025). As explained above, the union suit rests on the National Labor Relations Act. *DelCostello*, 462 U.S. at 164. Regardless of whether the employee sues the employer, the union, or both, the action is treated as a "hybrid § 301/fair representation claim, amounting to a direct challenge to the private settlement of disputes under [the collective-bargaining agreement]." *Id.* at 165 (internal quotation marks omitted), quoting *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 66 (1981) (Stewart, J., concurring). To prevail on both suits, "the employee must show (1) the union breached its DFR and (2) the employer breached the CBA [Collecting Bargaining Agreement]." *Cephas v. MVM, Inc.*, 520 F.3d 480, 485 (D.C. Cir. 2008).

The complaint itself recognizes this legal framework. It states that "[t]he Labor Management Relations Act (LMRA), 29 U.S.C. § 185, permits employees to bring lawsuits against both the employer and the union in what is known as a hybrid § 301/fair representation claim. Plaintiff reserves the right to pursue such a claim if the union fails in its duty of fair representation." Compl. at 14. Defendant argues that plaintiff has failed to state a claim "[b]ecause [p]laintiff only addressed whether the [u]nion breached its DFR and has provided no facts regarding any violation of the CBA by Allied Universal . . . ." Dismissal Mot. at 6. Plaintiff does not meaningfully respond to this argument in his subsequent filings, instead focusing on actions taken by defendant and whether Counts Two and Three are preempted by this count.

---

5 *See* 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States . . . without respect to the amount in controversy or without regard to the citizenship of the parties.").

Even affording plaintiff's pro se complaint the liberal construction to which it is entitled, the allegations are insufficient to support a plausible hybrid section 301/fair representation claim. Plaintiff alleges that Allied Universal refused to reinstate him after he was cleared to return to work, Compl. ¶ 6, but he does not allege facts that would permit the Court to infer that the employer thereby violated the collective bargaining agreement. The complaint does not explain why plaintiff was placed on administrative hold, why he was later cleared to return to work, why Allied Universal declined to reinstate him, which provision of the collective bargaining agreement was violated, or when any of these events occurred. Although plaintiff has had multiple opportunities to supplement his allegations through his subsequent filings, he has not supplied those missing facts. Nor does the mere allegation that Allied Universal excluded plaintiff from reinstatement, standing alone, support a reasonable inference that the employer breached the collective bargaining agreement, as that decision could have been based on any number of reasons consistent with the agreement. Because the complaint does not allege facts plausibly showing that Allied Universal breached the collective bargaining agreement, plaintiff has failed to state a hybrid section 301/fair representation claim. *See Cephas*, 520 F.3d at 485.

## III. Plaintiff's Negligence and Emotional Distress Claims Are Preempted by Federal Law.

The Supreme Court has held that "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted and federal labor-law principles—necessarily uniform throughout the Nation—must be employed to resolve the dispute." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988); *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) ("We do hold that when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made

between the parties in a labor contract, that claim must either be treated as a § 301 claim . . . or dismissed as pre-empted by federal labor-contract law.") (internal citation omitted).

**A. Plaintiff's Negligence Claim Will Be Dismissed.**

To state a claim for negligence under District of Columbia law, "a claim alleging the tort of negligence must show: (1) that the defendant owed a duty to the plaintiff, (2) breach of that duty, and (3) injury to the plaintiff that was proximately caused by the breach." *Poola v. Howard Univ.*, 147 A.3d 267, 289 (D.C. 2016). Defendant contends that "the only plausible duty for a negligence claim derives from a contractual obligation in a collective bargaining agreement," and that therefore the "claim is preempted by § 301 of the LMRA." Dismissal Mot. at 7. Plaintiff responds that *Allis-Chalmers Corp.* creates a "boundary between contractual enforcement and independent tort." Pl.'s Opp. at 2. While plaintiff is correct that *Allis-Chalmers Corp.* drew such a distinction, explaining that "it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract," 471 U.S. at 212, he identifies no independent source of a duty owed by the union other than the collective bargaining agreement. Instead, the complaint alleges only that defendant breached its "professional and contractual obligation to perform representational duties . . . ." Compl. ¶ 12. Whether defendant owed plaintiff such a duty, and whether it breached that duty, necessarily depends upon the scope of the union's obligations under the collective bargaining agreement. Accordingly, resolution of plaintiff's negligence claim requires interpretation of the labor contract, and the claim is preempted by section 301 of the LMRA. *See Lingle*, 486 U.S. at 405–06; *Allis-Chalmers Corp.*, 471 U.S. at 220.

**B. Plaintiff's Emotional Distress Claim Will Be Dismissed.**

Count Three alleges a claim for emotional distress. Compl. ¶ 14. Because plaintiff does not specify whether he intends to assert a claim for negligent infliction of emotional distress ("NIED") or intentional infliction of emotional distress ("IIED"), the Court will consider both.

To state a claim for intentional infliction of emotional distress, a plaintiff must allege: (1) extreme and outrageous conduct by the defendant; (2) intent or recklessness in causing emotional distress; and (3) severe emotional distress suffered by the plaintiff. *Waldon v. Covington*, 415 A.2d 1070, 1076 (D.C. 1980), citing Restatement (Second) of Torts § 46 (1965). For a claim based on negligence, a plaintiff must show that the defendant owed the plaintiff a specific duty of care, the breach of which caused the emotional distress. *See Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 810–11 (D.C. 2011).

Plaintiff's claim for negligent infliction of emotional distress is preempted by section 301 for the same reason as his negligence claim. The only duty of care alleged in the complaint arises from defendant's contractual obligation to represent plaintiff in connection with the grievance process. Any determination of whether defendant breached that duty necessarily turns on the scope of its obligations under the collective bargaining agreement. Because the claim depends upon interpreting the labor contract, it is preempted. *See Lingle*, 486 U.S. at 405–06; *Allis-Chalmers Corp.*, 471 U.S. at 220.

Plaintiff's claim for the international tort fails for an independent reason. The complaint does not allege facts that plausibly establish the type of extreme and outrageous conduct required under District of Columbia law. Plaintiff alleges only that "[d]efendant failed to pursue [p]laintiff's grievance, failed to engage with [plaintiff's employer], and failed to protect [p]laintiff's job security and benefits." Compl. ¶ 11. Even accepting those allegations as true,

they do not approach the level of conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency . . . ." *Homan v. Goyal*, 711 A.2d 812, 818 (D.C. 1998). Therefore, the Court finds that the complaint fails to state a claim for intentional infliction of emotional distress.

## IV. Plaintiff's Request for Leave to Amend the Complaint Is Denied and Any Remaining Issues Are Dismissed.

Although the complaint is limited to the claims discussed above, plaintiff's subsequent filings refer to additional causes of action, including retaliation, discrimination, and due process violations. Pl.'s Suppl. at 1–2; Pl.'s Decl. at 1. In one of those filings, plaintiff also requests leave to amend his complaint "[t]o the extent that clarification is needed . . . ." Pl.'s Suppl. at 1.

The Court will construe that request as a motion for leave to amend his complaint. That motion will be denied because based on the rulings above, there is no longer a complaint pending against the union to amend. Plaintiff does not seek to supplement or strengthen the claims that have been dismissed; rather he seeks to bring new claims described in only a conclusory fashion and which, in any event, appear to be aimed at his employer and not the union.[6]

6 For example, plaintiff attaches to one supplemental filing a text message from an alleged supervisor stating: "I need to do a CIW on you ASAP. You're being transferred to me in NE/NW." Pl.'s Decl. at 4. Plaintiff alleges that this message was sent "[f]ollowing the filing of this lawsuit" and was intended to "retaliate against [him]." *Id.* at 1. Moreover, granting leave to amend would be problematical of this point because plaintiff has not complied with Local Civil Rule 7(i), which requires that the motion "be accompanied by an original of the proposed pleading as amended," and because he alleges no facts supporting a reasonable inference that the unidentified supervisor took a materially adverse action because he engaged in protected activity. Indeed, the alleged transfer is difficult to reconcile with plaintiff's separate allegation that he had never been reinstated to his position.

## CONCLUSION

For the foregoing reasons, the motion to remand the case to Superior Court is **DENIED**, and the motion to dismiss is **GRANTED** without prejudice. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: August 11, 2026